UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LEONEL SANCHEZ LAGUNAS, | Case No. 5:26-cv-00507-MCS-KES ADELANTO |
|---|---|
| Petitioner, | |
| v. | **ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF NO. 27)** |
| FACILITY ADMINISTRATOR, ADELANTO ICE PROCESSING CENTER et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (Pet., ECF No. 1), all relevant documents filed and lodged in this action, the Report and Recommendation of the United States Magistrate Judge, (R. & R., ECF No. 27), Respondents' Objections to the Report, (Objs., ECF No. 29), Petitioner's notice of non-objection and supplemental authority, (Notice of Non-Objs. to R. & R., ECF No. 30), and Petitioner's response to Respondents' Objections, (Reply to Objs., ECF No. 31). The Court has engaged in a de novo review of those portions of the Report to which Respondents have objected.

Having completed its review, the Court accepts in part and rejects in part the findings and recommendation set forth in the Report. Specifically, the Court

1

respectfully declines to adopt the Magistrate Judge's recommendation that Ground One of the Petition be granted. (R. & R. 26.)

In Ground One, Petitioner contends that his detention is unconstitutionally indefinite in violation of the Due Process Clause of the Fifth Amendment because under *Zadvydas v. Davis*, 533 U.S. 678 (2001), there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future. (Pet. ¶¶ 66–69.) In its order denying Petitioner's motion for a preliminary injunction, the Court considered whether Petitioner was likely to succeed on the merits of Ground One and concluded that he was not. (Order Re: Mot. for Prelim. Inj. 5, ECF No. 15.) The Court reasoned that Respondents' failure to effectuate Petitioner's removal to Mexico during the first six months of his detention did not mean that there was no significant likelihood of removal in the reasonably foreseeable future given that Petitioner had a Mexican passport and Mexico was accepting individuals removed from the United States. (*See id.* at 5–6 (citing Pet. ¶¶ 33, 38).) In addition, the Court noted that the U.S. Court of Appeals for the Ninth Circuit had granted Petitioner a temporary stay of removal pending its review of the Board of Immigration Appeals' ("BIA") denial of Petitioner's motion to reopen his removal proceedings. (*Id.* at 3.) The Court concluded that "Petitioner's removal has been delayed by his own pursuit of judicial review of his removal order, not by any external impediments to his removal. Once the stay of removal lifts, there will be no barriers to his removal." (*Id.* at 6.) For these reasons, the Court concluded that Petitioner was unlikely to succeed on the merits of his *Zadvydas* claim.

Since the Court's denial of Petitioner's motion for a preliminary injunction, the parties have provided further detail concerning the procedural history of Petitioner's motion to reopen his removal proceedings prior to the instant habeas petition, (*see* Resp.'s Suppl. Br. 1–3, ECF No. 25 (explaining that Respondents did not remove Petitioner while his request for a stay of removal was pending before the BIA due to the case officers' belief that the request precluded removal)), and there have been new developments in Petitioner's Ninth Circuit appeal, (*see generally* Notice of Non-Objs.

to R. & R. Exs. A–B, ECF No. 30). None of these additional facts and new developments, however, lead the Court to a different conclusion regarding Petitioner's *Zadvydas* claim.

On June 18, 2026, the Government filed in the Ninth Circuit an unopposed motion to remand Petitioner's motion to reopen his removal proceedings to the BIA so that the BIA could reconsider its February 9, 2026, decision denying the motion to reopen. (Notice of Non-Objs. to R. & R. Ex. A.) The Government's motion stated that "[t]he remand order should stay Petitioner's removal pending the Board's adjudication of the motion to reopen and reconsider." (*Id.* at 4.) On June 22, the Ninth Circuit granted the motion and ordered that "Petitioner's removal [be] stayed pending a Board decision in this matter." (Notice of Non-Objs. to R. & R. Ex. B.) Petitioner submits that "[t]he remand gives Petitioner the same outcome he would have received had he prevailed before the Ninth Circuit." (Reply to Objs. 3.) As a result, Petitioner contends, his removal is not significantly likely in the reasonably foreseeable future because "[d]ue to the government's litigation choices in the motion-to-reopen proceedings, Petitioner's stay of removal will stay in place for the foreseeable future." (*Id.* (emphasis omitted).)

The Court disagrees that the Ninth Circuit's remand order renders Petitioner's removal unlikely in the reasonably foreseeable future. As was the case when the Court denied Petitioner's motion for a preliminary injunction, the parties do not dispute that Petitioner has a Mexican passport and Mexico is accepting individuals removed from the United States. (Pet. ¶¶ 33, 38; Answer 1, ECF No. 19.)[1] The only barrier Petitioner identifies to his removal is the stay of removal that the Ninth Circuit imposed in the motion-to-reopen proceedings. (Reply to Objs. 3.) Petitioner contends that this stay is a

---

[1] The Court exercises its discretion to consider Respondents' untimely filed answer. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). The Court agrees with the Magistrate Judge that Petitioner was not prejudiced by the untimely filing. (R. & R. 13.)

product of Respondents' litigation decisions, not Petitioner's, but Petitioner also concedes that the Ninth Circuit's order provides him the same relief he would have received if he succeeded on his appeal before the Ninth Circuit. (*Id.*)

At its core, the stay of removal is a product of Petitioner's pursuit of additional review of his removal order. The stay of removal does not render Petitioner's removal unlikely in the reasonably foreseeable future. If Petitioner is unsuccessful in the motion-to-reopen proceedings, there will be no barrier to Respondents effectuating Petitioner's removal. Several courts confronted with the same issue have concluded that a stay of removal pending judicial review cannot alone satisfy a petitioner's burden under *Zadvydas*. *See, e.g.*, *Arce Paez v. Scott*, No. 2:26-cv-01144-LK, 2026 U.S. Dist. LEXIS 111055, at *7 (W.D. Wash. May 19, 2026) (collecting cases and observing that "[a]ll federal appellate courts that have considered the issue have concluded that relief under *Zadvydas* is unavailable where delay in removal is caused by ongoing litigation"); *Martir-Martinez v. Scott*, No. 2:25-cv-02194-LK, 2026 U.S. Dist. LEXIS 52562, at *9 (W.D. Wash. Mar. 13, 2026) ("Martir-Martinez was removed to El Salvador in 2022, and Respondents contend they face no obstacles in again removing him once the stay is resolved; thus, the concern addressed in *Zadvydas* is inapplicable here." (cleaned up)); *Deagueros Mota v. Blanche*, No. 3:26-cv-02830-RBM-MSB, 2026 U.S. Dist. LEXIS 117215, *8–9 (S.D. Cal. May 27, 2026) ("[T]here is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that would prevent Petitioner's removal to Mexico if he is ultimately unsuccessful in his petition for review with the Ninth Circuit and/or in his newly-available avenues to challenge his underlying removal order. If that changes after the Ninth Circuit's ruling or the processing of Petitioner's Forms I-485, I-601, and I-212, Petitioner may file an amended Petition." (cleaned up)).

Such a conclusion is also consistent with how the Ninth Circuit has interpreted *Zadvydas* and what it means for there to be no significant likelihood of removal in the reasonably foreseeable future. The Ninth Circuit has construed this language as

requiring a petitioner "to show that he would be unremovable even if the government defeated his petition for review." *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)). The stay of Petitioner's removal while the BIA reconsiders Petitioner's motion to reopen cannot, without more, establish that Petitioner's removal is unlikely in the reasonably foreseeable future. *See id.* (concluding that petitioner failed to establish *Zadvydas* claim where there was "no evidence, for example, that Senegal would refuse to accept him, or that his removal is barred by our own laws"); *see also Hurtado-Romero v. Sessions*, No. 18-cv-01685-EMC, 2018 U.S. Dist. LEXIS 82796, at *10 (N.D. Cal. May 16, 2018) ("[T]he sole obstacle to removal appears to be the pending appeal of the adverse withholding decision. That alone does not render removal unforeseeable under *Zadvydas*."); *Arce Paez*, 2026 U.S. Dist. LEXIS 111055, at *10–11 (concluding that a stay of removal did "not prevent Arce Paez's removal upon completion of proceedings," nor did it "create a removable-but-unremovable limbo because ongoing withholding-only proceedings alone are insufficient to demonstrate that removal is no longer reasonably foreseeable" (internal quotation marks omitted)). If Respondents prevail in the motion-to-reopen proceedings, they will be readily able to effectuate Petitioner's removal to Mexico.

Moreover, the uncertainty of when the motion-to-reopen proceedings will resolve and the stay will lift does not mean that Petitioner's removal is not reasonably foreseeable. *See Prieto-Romero*, 534 F.3d at 1063 ("It is true that Prieto-Romero's detention lacks a certain end date, but this uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*."); *see also Alvarado v. Wamsley*, No. 2:26-cv-01147-DGE, 2026 U.S. Dist. LEXIS 121817, at *7–8 (W.D. Wash. June 2, 2026) (concluding that "the uncertainty of when the Ninth Circuit will decide Petitioner's appeal, standing alone," was insufficient to establish a *Zadvydas* claim).

Petitioner fails to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Johnson v. Guman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 701). Accordingly, Ground One of the Petition must be dismissed.

The Court concurs with the Magistrate Judge that Grounds Two and Three of the Petition are not ripe for review. Accordingly, Grounds Two and Three are dismissed.

It is therefore ordered that the petition is denied, and judgment shall be entered dismissing the petition without prejudice.

**IT IS SO ORDERED.**

Dated: July 14, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

6